# Order

**Michigan Supreme Court**
Lansing, Michigan

May 20, 2011

140385

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

IRENE M. BROWN and GARY N. BROWN,
      Plaintiffs-Appellees,

v

SC: 140385
COA: 283521
Oakland CC: 2006-076956-NO

TAUBMAN COMPANY, L.L.C.,
      Defendant-Appellant,
and

SOUTHEAST SERVICE CORPORATION,
d/b/a SSC SERVICE SOLUTIONS, and IPC
INTERNATIONAL CORPORATION,
      Defendants-Appellees.

_____/

On March 8, 2011, the Court heard oral argument on the application for leave to appeal the September 24, 2009 judgment of the Court of Appeals. On order of the Court, the application is again considered, and it is DENIED, there being no majority in favor of granting leave to appeal or taking other action.

MARILYN KELLY, J. (*concurring*).

I concur in the Court's order denying defendant's application for leave to appeal. I write separately in response to the dissent.

This case involves a slip-and-fall accident. Plaintiff arrived at Great Lakes Crossing Shopping Center around 8:00 p.m. on the day of her accident. While traversing a walkway leading to an entrance to the shopping center, plaintiff slipped and fell on black ice, injuring her leg. She did not see the ice before she fell.

The trial court granted defendant's motion for summary disposition, concluding that the black ice on which plaintiff slipped was open and obvious. The Court of Appeals reversed the trial court and reinstated plaintiff's case, holding that there were material questions of fact as to whether the ice was open and obvious.[1] We granted oral argument on defendant's application for leave to appeal.[2]

---

[1] *Brown v Taubman Co, LLC*, unpublished opinion per curiam of the Court of Appeals, issued September 24, 2009 (Docket No. 283521).

[2] 486 Mich 939 (2010).

The dispositive question in this case is whether the black ice was open and obvious such that an average person of ordinary intelligence should have discovered it upon casual inspection.[3]  If so, defendant is entitled to summary disposition.[4]  In this case, plaintiff presented evidence creating questions of fact that rendered summary disposition inappropriate.

Plaintiff testified that it was sunny and unseasonably warm on the day she fell.  Defendant countered with weather reports showing that temperatures ranged between 22 and 32 degrees.  What the temperature was at the time of the accident and during the hours before it should be resolved by a trier of fact, not a trial judge or justice of this Court as a matter of law.

Furthermore, the dissent cites testimony that snow was visible on the ground near the sidewalk.  However, photographs of the walkway in question show *no* snow on the walkway.  Rather, there were trace amounts of snow in bushes next to the sidewalk.  In fact, defendant admitted that the walkway itself was snow-free.  The fact that the parties have presented conflicting testimony regarding the presence of snow around the walkway further demonstrates the existence of questions of fact.

Also supporting plaintiff's claim that the black ice was not open and obvious was testimony from one of defendant's security guards.  The guard testified that he returned to the scene of the accident to spread salt on the walkway, knowing plaintiff had fallen there.  He could not see the ice that was there.

The dissent opines that a lifelong resident of Michigan should be aware that black ice forms during the winter.  Hence it is open and obvious even when invisible.[5]  If this position were adopted by the Court, people in Michigan would be on notice that, in winter, black ice is to be expected and no liability for falling on it exists.  This proposition is unprecedented in Michigan law.  As our Court of Appeals has astutely observed, black ice, defined as an invisible or nearly invisible coating of ice on a paved surface, is not by its nature open and obvious.[6]

---

[3] *Bertrand v Allen Ford, Inc*, 449 Mich 606, 611 (1995) (stating that "if the particular activity or condition creates a risk of harm *only* because the invitee does not discover the condition or realize its danger, then the open and obvious doctrine will cut off liability if the invitee should have discovered the condition and realized its danger.").

[4] See *Novotney v Burger King Corp (On Remand)*, 198 Mich App 470, 475 (1993).

[5] It appears that the dissent would adopt a categorical rule that *all* icy conditions are open and obvious during a Michigan winter.

[6] *Slaughter v Blarney Castle Oil Co.*, 281 Mich App 474, 483 (2008).

Finally, the dissent erroneously claims that my position would lead to property owners always being held liable for accidents arising from black ice. As stated above, the proper inquiry to determine liability for black ice accidents is whether a reasonable person should have discovered the ice upon casual inspection and realized its danger. This is an objective standard that not all plaintiffs will be able to satisfy.

For example, suppose it is winter and there is snow on the ground. John Doe, walking along a sidewalk, slips and falls on black ice. Jane Doe, following several yards behind, witnesses the accident. Under this hypothetical, Jane knows or should know that the sidewalk is hazardous. Thus, if she walks on the ice and falls, her claim might properly be dismissed because, under an objective standard, a reasonable person would be alerted to the danger. But John, if he had no reason to discover the black ice, should not be charged with knowledge of the hazardous condition simply because it is winter and snow is on the ground.[7]

To determine whether a genuine issue of material fact exists, we consider the pleadings, affidavits, and other relevant record evidence in a light most favorable to plaintiff, the nonmoving party.[8] Applying that principle to this case, summary disposition should not have been entered in favor of defendant. The dissent fails to meaningfully apply this standard of review to the facts before the Court. I believe the Court of Appeals properly reversed the trial court's grant of summary disposition in favor of defendant.

CAVANAGH, J., joins the statement of MARILYN KELLY, J.

YOUNG, C.J., and MARY BETH KELLY, J., would reverse the judgment of the Court of Appeals.

MARKMAN, J. (*dissenting*).

I respectfully dissent. On a January evening, plaintiff, a lifelong resident of Michigan, slipped and fell on ice on a walkway adjacent to defendant's parking lot. On the day of the fall, temperatures were at or below freezing, and, over the three days preceding, sleet, ice, and snow had fallen. Although the parking lot surface was mostly clear of snow, there was snow and ice on the ground, with the areas adjacent to the parking lot clearly covered in snow and ice. The trial court granted defendant's motion

---

[7] I respectfully decline the dissent's invitation to opine on a limitless variety of factual circumstances not present in this case in which a defendant would be entitled to summary disposition.

[8] *Radtke v Everett*, 442 Mich 368, 374 (1993).

for summary disposition, concluding that the ice was "open and obvious," but the Court of Appeals reversed.

I agree with the trial court that, considering the wintry conditions that existed at the time of plaintiff's fall, the potential for the walkway to be icy should have been well-understood by plaintiff. Despite weather records indicating that daytime temperatures at the time of the fall hovered at the freezing point, plaintiff testified that the day was "sunny" and "unseasonably warm," and that she did not see snow or ice on the ground before she fell. Other observers testified that there was visible snow and ice covering the grounds of the surrounding area. The Court of Appeals, citing the existence of conflicting evidence, concluded that reasonable minds could differ regarding whether the so-called "black ice" was open and obvious. I disagree. A lifelong resident of Michigan should be well aware that during winter, when for several days snow has been falling, and when temperatures have been and remain below freezing, ice may form on parking lots. These factors are more than sufficient, in my judgment, to establish the presence of potentially hazardous conditions that would have alerted an average person of ordinary intelligence to discover and react to the "danger" upon casual inspection. *Janson v Sajewski Funeral Home, Inc*, 486 Mich 934, 935 (2010). Because plaintiff should have known that the walkway might be icy, such a condition can fairly be said to have been "open and obvious." For these reasons, I would reverse the Court of Appeals and reinstate the grant of summary disposition for defendant.

In *Slaughter v Blarney Castle Oil Co*, 281 Mich App 474, 479 (2008), the Court of Appeals observed,

> When applying the open and obvious doctrine to conditions involving the natural accumulation of ice and snow, our courts have progressively imputed knowledge regarding the existence of a condition as should reasonably be gleaned from *all of the senses as well as one's common knowledge of weather hazards* that occur in Michigan during the winter months. (emphasis added).

Rather than looking at what might be gleaned from "all of the senses," along with matters of "common knowledge of weather hazards," Justice MARILYN KELLY prefers to focus only upon the visual component of black ice. Under this approach, of course, black ice will *never* be considered "open and obvious," and property owners, to whom black ice is

similarly invisible, will *always* be held liable for accidents arising from this condition.[9] Further, contrary to the analysis of Justice KELLY, "[t]he ["open and obvious"] test is objective, and the inquiry is whether a reasonable person in the plaintiff's position would have foreseen the danger, not whether the particular plaintiff knew or should have known that the condition was hazardous." *Slaughter,* 281 Mich App at 479, citing *Corey v Davenport College (On Remand)*, 251 Mich App 1, 5 (2002). That "black ice" may have obtained in this case does not alter the reality that as wintry conditions persist in this state, a reasonable person will increasingly be alerted to the hazardousness of such conditions, and will increasingly be assumed to have encountered conditions fairly characterized as "open and obvious."

This case illustrates the ongoing confusion in the law of this state concerning the "open and obvious" status of "black ice," confusion that this Court has an obligation at some point to dispel. Instead, once again, we fail to afford guidance and direction on this matter, leaving in place conflicting and discordant decisions, and thereby enabling defendants and plaintiffs to each rely upon different precedents in support of their respective positions that "black ice" is or is not "open and obvious." See, e.g., *Janson*, 486 Mich at 934; *Pray v Baybest Ribs*, *LLC*, 488 Mich 979 (2010); *Powell v Save-A-Lot*, 485 Mich 959 (2009); *Kenny v Kaatz Funeral Home, Inc*, 472 Mich 929 (2005); *Slaughter*, 281 Mich App at 474; *Kenny v Kaatz Funeral Home, Inc*, 264 Mich App 99 (2004); and the instant case. As the highest court of this State — a state in which snow and ice have sometimes been known to accumulate during winter months — it is our responsibility to address the confusing and inconsistent approaches in our caselaw and to clarify the rights and obligations of persons who must regularly confront these conditions.

ZAHRA, J., did not participate because he was on the Court of Appeals panel.

---

[9] Justice KELLY responds to this assertion by positing a hypothetical in which, apparently like lemmings going over a cliff, one person after another slips and falls on the same black ice. At some point, we are assured, a plaintiff who has witnessed preceding slips and falls, and who has nonetheless proceeded onto the same black ice, "might" not prevail in a lawsuit. The preposterousness of this hypothetical speaks eloquently as to the black ice rule that the dissent would establish and for the consequences of her rule to property owners within this state.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 20, 2011

Clerk

t0517