# STATE OF MICHIGAN

# COURT OF APPEALS

ROBERT M. SPRAGA, JR.,

Plaintiff-Appellant,

v

PHILIP C. KUNTZMAN and ANNE M. KUNTZMAN,

Defendants-Appellees.

UNPUBLISHED
November 19, 2015

No. 325891
Oakland Circuit Court
LC No. 2014-139730-NO

Before: JANSEN, P.J., and MURPHY and RIORDAN, JJ.

PER CURIAM.

Plaintiff, Robert Spraga, Jr., appeals as of right the trial court order granting summary disposition in favor of defendants, Philip and Anne Kuntzman, in this premises liability case. We affirm.

## I. FACTUAL BACKGROUND

On March 1, 2013, plaintiff was picking up donations in a Purple Heart truck as an employee of A-1 Recycling. At approximately 10:45 a.m., plaintiff arrived at defendants' home in Rochester, Michigan, to pick up a prescheduled donation.[1] Plaintiff pulled the truck up to the curb, saw the donation in a paper bag on the porch, activated the truck's flashers, and exited the truck to retrieve the donation. Plaintiff first walked across the sidewalk that passes in front of defendants' house. He then cut across a corner of the grass and walked onto the sidewalk that leads directly to defendants' porch. After walking two or three steps, he slipped and fell due to black ice on the sidewalk. Plaintiff suffered extensive injuries as a result of his fall.

---

[1] Before the incident, Purple Heart called defendants' home and asked if the household had any items to donate. When defendant Anne Kuntzman confirmed that defendants did have items to donate, she was instructed to leave the items in a bag on the porch before 8:00 a.m. on the date of pickup. She also received a reminder phone call from Purple Heart prior to the scheduled pickup time.

-1-

Plaintiff brought an action against defendants, alleging, *inter alia*, that he was an invitee at defendants' residence when he slipped and fell on black ice, and that defendants failed to properly maintain and inspect their property, failed to warn of the hazardous condition, and failed to correct the dangerous condition.

Defendants moved for summary disposition pursuant to MCR 2.116(C)(10), arguing that there is no genuine issue of material fact that plaintiff was a licensee on defendants' property, and, as a result, defendants had no duty to prepare their property for his arrival or inspect it for hidden dangers. The trial court granted defendants' motion for summary disposition, concluding that plaintiff was a licensee because Purple Heart's solicitation of donations from defendants did not constitute a commercial activity; the only business or commercial relationships involved in the incident were between (1) Purple Heart and A-1 Recycling and (2) plaintiff and A-1 Recycling; and even if defendants received a tax benefit from the donation, this benefit was not from plaintiff and did not establish a commercial activity. Additionally, the trial court concluded that defendants did not have a duty to warn plaintiff of the icy condition, as there was no evidence in the record that defendants knew or had reason to know about the black ice, or that the ice was unreasonably dangerous.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's grant or denial of summary disposition. *Moraccini v Sterling Hts*, 296 Mich App 387, 391; 822 NW2d 799 (2012). When reviewing a motion for summary disposition pursuant to MCR 2.116(C)(10), this Court may only consider, in the light most favorable to the party opposing the motion, the evidence that was before the trial court, which consists of "the 'affidavits, together with the pleadings, depositions, admissions, and documentary evidence then filed in the action or submitted by the parties.' " *Calhoun Co v Blue Cross Blue Shield Michigan*, 297 Mich App 1, 11; 824 NW2d 202 (2012), quoting MCR 2.116(G)(5). Under MCR 2.116(C)(10), "[s]ummary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). "There is a genuine issue of material fact when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008). "This Court is liberal in finding genuine issues of material fact." *Jimkoski v Shupe*, 282 Mich App 1, 5; 763 NW2d 1 (2008).

## III. ANALYSIS

On appeal, plaintiff argues that the trial court erred in granting defendants' motion for summary disposition because plaintiff was an invitee on defendants' premises, not a licensee. Plaintiff reasons that he was an invitee on the basis that his act of retrieving charitable donations from defendants' home provided an economic benefit to defendants, such that plaintiff, as the driver of a delivery truck, entered defendants' property for a commercial purpose that resulted in a shared benefit. Defendants respond that plaintiff was a licensee at the time of his injury because there was no genuine issue of material fact that plaintiff entered defendants' premises only to pick up a charitable donation, and defendants did not invite plaintiff onto their property for a commercial purpose. We agree with defendants.

"In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Benton v Dart Props,* 270 Mich App 437, 440; 715 NW2d 335 (2006). However, the duty owed by a landowner depends on the visitor's status as a trespasser, licensee, or invitee at the time of the injury. *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596; 614 NW2d 88 (2000). Here, there is no dispute that plaintiff was not a trespasser on defendants' property. See *id*. Thus, the question is whether plaintiff was a licensee or an invitee.

"A 'licensee' is a person who is privileged to enter the land of another by virtue of the possessor's consent." *Id*. "[A] landowner owes a licensee a duty to warn the licensee of any hidden dangers the owner knows or has reason to know of, if the hidden danger involves an unreasonable risk of harm and the licensee does not know or have reason to know of the hidden danger and the risk involved." *Kosmalski v St John's Lutheran Church*, 261 Mich App 56, 65; 680 NW2d 50 (2004). "The landowner owes no duty of inspection or affirmative care to make the premises safe for the licensee's visit. Typically, social guests are licensees who assume the ordinary risks associated with their visit." *Stitt*, 462 Mich at 596 (citation omitted).

On the other hand,

> [a]n "invitee" is "a person who enters upon the land of another upon an invitation which carries with it an implied representation, assurance, or understanding that reasonable care has been used to prepare the premises, and make [it] safe for [the invitee's] reception." The landowner has a duty of care, not only to warn the invitee of any known dangers, but the additional obligation to also make the premises safe, which requires the landowner to inspect the premises and, depending upon the circumstances, make any necessary repairs or warn of any discovered hazards. Thus, an invitee is entitled to the highest level of protection under premises liability law. [*Id.* at 596-597 (citations omitted; alterations in original).]

In *Stitt*, the Michigan Supreme Court recognized that earlier cases diverged with regard to the "circumstances [that] create invitee status." *Id*. at 603. As such, it stated, "In harmonizing our cases, we conclude that the imposition of additional expense and effort by the landowner, requiring the landowner to inspect the premises and make them safe for visitors, must be directly tied to the owner's commercial business interests." *Id*. at 603-604. Thus, the Court "h[e]ld that the owner's reason for inviting persons onto the premises is the primary consideration when determining the visitor's status[.] In order to establish invitee status, a plaintiff must show that the premises were held open for a *commercial* purpose." *Id*. at 604. See also *Sanders v Perfecting Church*, 303 Mich App 1, 5; 840 NW2d 401 (2013) ("[A] plaintiff will be granted invitee status only if the purpose for which she was invited onto the owner's property was

directly tied to the owner's commercial business interests." [Quotation marks and citation omitted.]).[2]

Here, there is no dispute that plaintiff was invited onto defendants' property for the sole purpose of retrieving a donation from defendants' home on behalf of Purple Heart. While it is possible that defendants would receive a pecuniary gain from their charitable donation to Purple Heart in the form of a tax deduction, it is apparent that defendants were not receiving pecuniary gain directly from plaintiff, A-1 Recycling, or even Purple Heart as a result of a commercial or business relationship. As the Michigan Supreme Court stated in *Stitt*, "[t]he solicitation of entirely voluntary donations by a nonprofit organization is plainly not a commercial activity." *Stitt*, 462 Mich at 606 n 11. Similarly, given Purple Heart's request for voluntary donations, defendants' invitation for plaintiff to enter their property in order to collect the charitable donation for Purple Heart was clearly not "directly tied to [*defendants'*] commercial business interests." *Id*. at 603-604. Therefore, there is no genuine issue of material fact that plaintiff did not share a commercial relationship with defendants. As a result, plaintiff was a licensee as a matter of law.

Because plaintiff was a licensee, defendants had no duty to warn him unless they knew of, or had reason to know of, a hidden danger on their property that involved an unreasonable risk of harm, and plaintiff did not know, or have reason to know, of that hidden danger and the risk that it involved. *Id*. at 596; *Kosmalski*, 261 Mich App at 65. As stated above, a landowner does not owe a duty of inspection to a licensee. *Stitt*, 462 Mich at 596.

Here, plaintiff presented no evidence that defendants were aware of the black ice on which he fell. Further, even if defendants were aware, or had reason to be aware, of the black ice, the record includes no evidence that the condition was unreasonably dangerous. Whether a condition constitutes an unreasonably dangerous condition is a question of law. *Bullard v Oakwood Annapolis Hosp*, 308 Mich App 403, 410; 864 NW2d 591 (2014). A condition is unreasonably dangerous if it poses "a substantial risk of death or severe injury." See *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 518; 629 NW2d 384 (2001). In addition, "an unreasonably dangerous hazard must be just that—not just a dangerous hazard, but one that is *unreasonably* so. And it must be *more than* theoretically or retrospectively dangerous, because even the most unassuming situation can often be dangerous under the wrong set of circumstances. *Bullard*, 308 Mich App at 410, quoting *Hoffner v Lanctoe*, 492 Mich 450, 472; 821 NW2d 88 (2012) (quotation marks omitted).

Here, there is no indication that the patch of black ice on which plaintiff fell posed "a substantial risk of death or severe injury." *Lugo*, 464 Mich at 518.[3] This Court has expressly

---

[2] Plaintiff's claim that he had invitee status based on his "mutually beneficial relationship" with defendants, given defendants' benefit of having unwanted items retrieved from their home, is unavailing in light of the clear rule under *Stitt* and its progeny that invitee status only arises when the premises is held open for a commercial business purpose. *Stitt*, 462 Mich at 604.

[3] Like in the trial court, plaintiff does not now assert that the ice on which he fell was unreasonably dangerous.

recognized that "ice is not unreasonably dangerous in and of itself." *Bullard*, 308 Mich App at 411. Likewise, unlike "an unguarded thirty foot deep pit in the middle of a parking lot," which has been recognized as an unreasonably dangerous condition, *Lugo*, 464 Mich at 518, this Court has reasoned that "[f]alling several feet to the ground is not the same as falling an extended distance such as into a thirty-foot deep pit," and "it cannot be expected that a typical person [falling a distance of several feet] would suffer severe injury or a substantial risk of death," *Corey v Davenport College of Business (On Remand)*, 251 Mich App 1, 7; 649 NW2d 392 (2002) (quotation marks and citation omitted).

Accordingly, we cannot conclude that black ice, which may cause a person to fall several feet to the ground, constitutes an unreasonably dangerous condition. Thus, even if we assume, arguendo, that defendants knew or had reason to know about the black ice, defendants did not have a duty to warn plaintiff about the condition. *Stitt*, 462 Mich at 596; *Kosmalski*, 261 Mich App at 65.

## IV. CONCLUSION

There are no genuine issues of material fact regarding whether plaintiff was a licensee on defendants' property and whether defendants had a duty to warn plaintiff about the black ice. Thus, the trial court properly granted summary disposition in defendants' favor.

Affirmed.


/s/ Kathleen Jansen
/s/ William B. Murphy
/s/ Michael J. Riordan