# STATE OF MICHIGAN

# COURT OF APPEALS

ZOUHAIR HAKIM,

      Plaintiff-Appellant,

v

DETROIT ENTERTAINMENT, LLC, doing
business as MOTORCITY CASINO HOTEL,

      Defendant-Appellee.

UNPUBLISHED
January 26, 2017

No. 329006
Wayne Circuit Court
LC No. 14-006302-NO

Before: BECKERING, P.J., and SAWYER and SAAD, JJ.

PER CURIAM.

In this premises liability action, plaintiff, Zouhair Hakim, appeals as of right the trial court's order granting summary disposition under MCR 2.116(C)(10) in favor of defendant, Detroit Entertainment, LLC, doing business as MotorCity Casino Hotel. We affirm.

## I. PERTINENT FACTS

Plaintiff was injured when he slipped and fell on ice on the sidewalk outside defendant's casino. On the evening of February 1, 2014, plaintiff was on his way to the casino to have dinner with his son when his car broke down on Grand River Avenue near the casino. Plaintiff telephoned his son, who arrived at the scene and helped push plaintiff's disabled car into a surface parking lot across the street from the casino. Plaintiff called for roadside assistance, specifically requesting a tow truck driver who could meet him at the casino. Plaintiff and his son then ate dinner and gambled at the casino while waiting for the tow truck to arrive. When the tow truck arrived, plaintiff walked out of the VIP valet exit door, which is located under a covered parking garage, and toward the street to meet the tow truck driver. He made it only a few feet outside of the covered parking garage before he slipped and fell on a patch of ice on the sidewalk.

On May 14, 2014, plaintiff filed a complaint against defendant, alleging claims of statutory and common-law premises liability, negligence, and nuisance. On May 5, 2015, defendant filed a motion for summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact). Relevant to the instant appeal, defendant asserted that it was entitled to summary disposition because no genuine issues of material fact exist as to whether the alleged dangerous condition was open and obvious or whether there were special aspects about the open and obvious condition to impose liability on defendant. Subsequent to a hearing on defendant's

-1-

motion, the trial court granted defendant summary disposition for the reasons defendant set forth, and issued the corresponding order from which plaintiff now appeals.

## II. ANALYSIS

Plaintiff contends that the trial court erred when it granted summary disposition in favor of defendant because genuine issues of material fact exist regarding whether defendant breached its duty to plaintiff to provide a reasonably safe premises, whether the snow-covered ice plaintiff encountered was an open and obvious condition, and whether the snow-covered ice contained special aspects making it unreasonably dangerous and effectively unavoidable. We disagree.

## A. STANDARD OF REVIEW

We review a trial court's grant or denial of a summary disposition motion de novo. *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 115; 839 NW2d 223 (2013). Defendant brought its motion for summary disposition under MCR 2.116(C)(10), "which tests the factual support of a plaintiff's claim." *Walsh v Taylor*, 263 Mich App 618, 621; 689 NW2d 506 (2004). A motion brought under MCR 2.116(C)(10) should be granted when "there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law" MCR 2.116(C)(10). A genuine issue of material fact exists when, after viewing the evidence in a light most favorable to the nonmoving party, reasonable minds could differ on the issue. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008). We review the pleadings, affidavits, depositions, admissions, and other evidence submitted by the parties in a light most favorable to the nonmoving party. *Walsh*, 263 Mich App at 621.

## B. PREMISES LIABILITY

As an initial matter, plaintiff labels his action against defendant as both an ordinary negligence action and premises liability action. "Michigan law distinguishes between claims arising from ordinary negligence and claims premised on a condition of the land." *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 692; 822 NW2d 254 (2012). An ordinary negligence claim is based on a defendant's duty to conform his conduct to a particular standard of care whereas a premises liability claim is based on a defendant's duty as an owner, possessor, or occupier of land. See *Laier v Kitchen*, 266 Mich App 482, 493; 702 NW2d 199 (2005). Thus, "[w]hen an injury develops from a condition of the land, rather than emanating from an activity or conduct that created the condition on the property, the action sounds in premises liability." *Woodman v Kera, LLC*, 280 Mich App 125, 153; 760 NW2d 641 (2008).

After reading plaintiff's complaint as a whole, it is clear that his claim sounds in premises liability. See *Buhalis*, 296 Mich App at 691 (stating that courts are not bound by the labels parties attach to their claims); see also *Adams v Adams*, 276 Mich App 704, 710-711; 742 NW2d 399 (2007) ("It is well settled that the gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim."). Specifically, plaintiff alleged that a condition on defendant's land, i.e., a patch of snow-covered ice on the sidewalk, constituted a dangerous condition on the property that gave rise to his injuries. Because plaintiff's claim is based on defendant's duty as the owner

of the land and not defendant's ability to conform to a particular standard of care, we will proceed by applying premises liability law.

"In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of plaintiff's injury, and (4) the plaintiff suffered damages." *Sanders v Perfecting Church*, 303 Mich App 1, 4; 840 NW2d 401 (2013) (quotation marks and citation omitted). The duty owed to a plaintiff depends on his or her status on the land. *Id.* It is undisputed that plaintiff was an invitee on defendant's land at the time he sustained his injuries. "With regard to invitees, a landowner owes a duty to use reasonable care to protect invitees from unreasonable risks of harm posed by dangerous conditions on the owner's land." *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012). A landowner may be liable for breaching this duty if he or she "knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix the defect, guard against the defect, or warn the invitee." *Id.*

## 1. OPEN AND OBVIOUS DANGER

A landowner's liability does not extend to those dangers that are "open and obvious." *Price v Kroger Co of Mich*, 284 Mich App 496, 500-501; 773 NW2d 739 (2009). "The logic behind the open and obvious danger doctrine is that an obvious danger is no danger to a reasonably careful person. Accordingly, when the potentially dangerous condition is wholly revealed by casual observation, the duty to warn serves no purpose." *Slaughter v Blarney Castle Oil Co*, 281 Mich App 474, 478; 760 NW2d 287 (2008), (quotation marks and citation omitted). A condition is "open and obvious" when "an average person with ordinary intelligence would have discovered [the condition] upon casual inspection." *Hoffner*, 492 Mich at 461. The relevant inquiry is not whether this particular plaintiff should have foreseen the danger, but whether an average person with ordinary intelligence in plaintiff's position would foresee the danger. *Laier*, 266 Mich App at 498. "This is an *objective standard* calling for an examination of the objective nature of the condition of the premises at issue." *Hoffner*, 492 Mich App at 461 (quotation marks and citation omitted). If no genuine issue of material fact exists as to whether a condition was "open and obvious," the trial court may decide the issue as a matter of law. *Slaughter*, 281 Mich App at 484.

As this Court explained in *Slaughter*, 281 Mich App at 479:

> When applying the open and obvious danger doctrine to conditions involving the natural accumulation of ice and snow, our courts have progressively imputed knowledge regarding the existence of a condition as should reasonably be gleaned from all of the senses as well as one's common knowledge of weather hazards that occur in Michigan during the winter months.

For example, in *Corey v Davenport College of Business (On Remand)*, 251 Mich App 1, 2, 5-6; 649 NW2d 392 (2002), "this Court held that a reasonable person would recognize the danger posed by visibly snowy and icy steps outside a college dormitory and that the condition therefore was open and obvious." *Slaughter*, 281 Mich App at 479. Accordingly, "the hazard presented by snow and ice is open and obvious, and the landowner has no duty to warn of or

remove the hazard." *Royce v Chatwell Club Apartments*, 276 Mich App 389, 392; 740 NW2d 547 (2007). Although we have declined to extend the open and obvious doctrine to black ice because of its "either invisible or nearly invisible" characteristics, the doctrine does apply if "the black ice in question would have been visible on casual inspection before the fall" or "other indicia of a potentially hazardous condition" was present at the time. *Slaughter*, 281 Mich App at 483.

Even when viewed in a light most favorable to plaintiff, reasonable minds could not differ as to whether the snow and ice on the sidewalk were an open and obvious danger that a reasonable person of ordinary intelligence would have discovered upon casual inspection. *Laier*, 266 Mich App at 498. Plaintiff's slip and fall occurred in early February at approximately 8:30 p.m., with temperatures hovering around freezing. On the date of the incident, a mixture of snow, mist, and freezing rain had fallen throughout the day. The snowfall was heavier during the day and tampered off that evening. The surveillance camera video footage taken at the time of plaintiff's fall depicts obvious accumulations of snow on the sidewalk and in the areas surrounding the sidewalk. The video also depicts an active, light precipitation and an obvious sheen on the sidewalk and street suggesting the presence of ice. These conditions, by their very nature, would have alerted an average person of ordinary intelligence of an impending dangerous condition based on the imputed knowledge that sidewalks made slippery by snow, ice, or freezing rain is a common occurrence during an ordinary Michigan winter. See *Slaughter*, 281 Mich App at 479; *Royce*, 276 Mich App at 392; *Corey*, 251 Mich App at 6. Furthermore, in his appellate brief, plaintiff points out that when he walked out of the covered part of the sidewalk, he "began to take very careful baby steps as he felt slipperiness under his feet. The large area of this icy sidewalk was so dangerous that not even baby steps saved him from slipping and falling hard to his right side." His own observation in feeling the ice underfoot is further evidence that the large area of icy sidewalk would have been discovered on casual inspection by an average person with ordinary intelligence. For these reasons, we conclude that the trial court did not err in finding that the slippery condition of the sidewalk was open and obvious at the time defendant slipped and fell.

## 2. SPECIAL ASPECTS

Even if a dangerous condition is open and obvious, liability may still attach when there are "special aspects" present. *Hoffner*, 492 Mich at 462. There are "two instances in which the special aspects of an open and obvious hazard could give rise to liability: when the danger is *unreasonably dangerous* or when the danger is *effectively unavoidable.*" *Id*. at 463.

An "unreasonably dangerous" condition is one that poses "a uniquely high likelihood of harm." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 519; 629 NW2d 384 (2001). The *Lugo* Court gave the example of "an unguarded thirty foot deep pit in the middle of a parking lot" as a special aspect that would constitute an unreasonably dangerous condition. *Id*.at 518. The court explained that this type of hazard was an uncommon condition that presented a risk of severe injury. *Id*. Conversely, a routine or ordinary hazard does not rise to the level of an unreasonably dangerous condition because there is not a high likelihood of severe injury or death. *Id*. at 520.

An "effectively unavoidable" condition is one that is "inescapable" or "one that a person is required to confront under the circumstances." *Hoffner*, 492 Mich at 468, 472. "Accordingly,

the standard for 'effective unavoidability' is that a person, for all practical purposes, must be *required* or *compelled* to confront a dangerous hazard." *Id*. at 468-469. Consequently, "situations in which a person has a *choice* whether to confront a hazard cannot truly be unavoidable, or even effectively so." *Id*. at 469.

In the present case, the risk of plaintiff slipping and falling on snow and ice was a common hazard that Michigan residents encounter every winter. Thus, the snow-covered ice encountered by plaintiff was not sufficiently similar to those conditions contemplated in *Lugo* because falling a short distance does not involve an especially high likelihood of severe injury or death. See *Lugo*, 464 Mich at 519-520. Because the patch of snow-covered ice was a common condition, it does not constitute an unreasonably dangerous condition as a matter of law. See *Hoffner*, 492 Mich at 463.

Moreover, the condition was not effectively unavoidable. Plaintiff presented no evidence that he was required to confront the icy sidewalk. Instead, based on the evidence, it is clear that plaintiff made a choice to confront the condition. Although plaintiff testified that he had to take his car keys to the tow truck driver, plaintiff had alternative options available to him such as asking the tow truck driver to meet him under the covered parking garage or to have his son drive him there. While plaintiff contends that this particular sidewalk was the safest and most convenient route to reach the tow truck driver, there is no evidence to suggest that the sidewalk was the *only* route available to plaintiff to reach the tow truck driver. Simply put, plaintiff was not faced with an unavoidable hazard. Accordingly, we conclude that the trial court properly granted defendant's motion for summary disposition because reasonable minds could not differ as to whether the condition was open and obvious or whether special aspects were present. See *Allison*, 481 Mich at 425.

Affirmed.

/s/ Jane M. Beckering
/s/ David H. Sawyer
/s/ Henry William Saad