COREY v DAVENPORT COLLEGE OF BUSINESS (ON REMAND)

Docket No. 206185. Submitted November 20, 2001, at Grand Rapids. Decided April 26, 2002, at 9:00 A.M.

Lance E. Corey brought an action in the Kent Circuit Court against Davenport College of Business, seeking damages for injuries sustained in a slip and fall on snowy and icy steps to one of the defendant's dormitories. The court, Dennis C. Kolenda, J., granted summary disposition to the defendant, ruling that the snowy and icy steps were an open and obvious danger for which the defendant did not owe a duty to warn or protect the plaintiff. The Court of Appeals, Markey, P.J., and Saad and Collins, JJ., reversed and remanded in an unpublished opinion per curiam, issued July 6, 1999 (Docket No. 206185). The Supreme Court, in lieu of granting the plaintiff leave to appeal, remanded the case to the Court of Appeals for reconsideration in light of *Lugo v Ameritech Corp, Inc*, 464 Mich 512 (2001). 465 Mich 885 (2001).

On remand, the Court of Appeals *held*:

As decided in *Lugo*, a premises possessor generally is not required to protect invitees from open and obvious dangers. However, if special aspects of a condition make even an open and obvious risk unreasonably dangerous, the premises possessor has a duty to undertake reasonable precautions to protect invitees from that risk. Special aspects that serve to remove a condition from the open and obvious danger doctrine are those that give rise to a uniquely high likelihood of harm or severity of harm if the risk is not avoided.

The trial court in this case correctly granted summary disposition for the defendant. The dangerous condition of the snowy and icy steps was open and obvious to the plaintiff, and there were no special aspects that created a uniquely high likelihood of harm or severity of harm inasmuch as the plaintiff was aware that an alternate route into the building was nearby and the three steps presented only a slight elevation from the ground.

Affirmed. Previous, unpublished opinion vacated.

NEGLIGENCE — PREMISES LIABILITY — OPEN AND OBVIOUS DANGERS.

A possessor of land has a duty to undertake reasonable precautions to protect invitees from an open and obvious risk of harm where

special aspects of the condition creating the risk make the risk unreasonably dangerous; only those special aspects that give rise to a uniquely high likelihood or severity of harm if the risk is not avoided will serve to remove the condition from the general open and obvious danger doctrine, which provides that the general duty that a possessor of land owes to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a condition on the land does not encompass the removal of open and obvious dangers.

*Hansen & Herrick, P.C.* (by *Jennifer A. Herrick*), for the plaintiff.

*Law Offices of Bigler, Berry, Johnston, Sztykiel & Hunt, P.C.* (by *Edwin J. Vander Ploeg, Jr.*), for the defendant.

ON REMAND

Before: MARKEY, P.J., and NEFF* and SAAD, JJ.

MARKEY, P.J. This case involves a slip and fall incident on snowy and icy steps located outside one of defendant's dormitories. Plaintiff appealed by right the trial court's order granting summary disposition in favor of defendant and dismissing plaintiff's premises liability action against defendant. In *Corey v Davenport College of Business,* unpublished opinion per curiam of the Court of Appeals, issued July 6, 1999 (Docket No. 206185), we reversed and remanded for further proceedings. In lieu of granting defendant's application for leave to appeal, our Supreme Court remanded this matter to us for reconsideration in light of *Lugo v Ameritech Corp, Inc,* 464 Mich 512; 629 NW2d 384 (2001). *Corey v Davenport College of*

---

* On remand, Judge NEFF has been substituted for former Court of Appeals Judge JEFFREY COLLINS.

*Business*, 465 Mich 885 (2001). Upon reconsideration, we vacate our previous opinion and affirm the trial court's grant of summary disposition in favor of defendant.

In this case, we must decide whether the icy steps on which plaintiff fell were an open and obvious condition and, if so, whether the condition of the steps was still unreasonably dangerous despite being open and obvious.

In *Lugo, supra* at 514, the plaintiff sued the defendant after falling in a pothole in the defendant's parking lot. The trial court granted the defendant summary disposition on the basis of the open and obvious danger doctrine; however, this Court reversed on appeal. *Id.* The Supreme Court granted leave, reversed the decision of this Court, and reinstated the trial court's grant of summary disposition to the defendant. *Id.*

The Supreme Court in *Lugo* first reiterated the general rule that a landowner has a duty to exercise reasonable care to protect an invitee from an unreasonable risk of harm caused by a dangerous condition on the land. *Id.* at 516. However, the landowner's duty does not generally include the removal of open and obvious dangers:

> "[W]here the dangers are known to the invitee or are so obvious that the invitee might reasonably be expected to discover them, an invitor owes no duty to protect or warn the invitee unless he should anticipate the harm despite knowledge of it on behalf of the invitee." [*Id.*, quoting *Riddle v McLouth Steel Products Corp*, 440 Mich 85, 96; 485 NW2d 676 (1992).]

The *Lugo* Court further explained that "the open and obvious doctrine should not be viewed as some type

of 'exception' to the duty generally owed invitees, but rather as an integral part of the definition of that duty." *Lugo, supra* at 516. The Supreme Court held that the landowner is not required to protect an invitee from an open and obvious danger unless "special aspects" of the condition make it unreasonably dangerous. *Id.* at 517. Special aspects that serve to remove a condition from the open and obvious danger doctrine are those that "give rise to a uniquely high likelihood of harm or severity of harm if the risk is not avoided . . . ." *Id.* at 519. The illustrations of special aspect conditions discussed in *Lugo* were (1) "an unguarded thirty foot deep pit in the middle of a parking lot" resulting in a fall of an extended distance and (2) standing water at the only exit of a commercial building resulting in the condition being unavoidable because no alternative route is available. *Id.* at 518, 520. The Court stated that liability would not be imposed "merely because a particular open and obvious condition has some potential for severe harm." *Id.* at 518, n 2.

In *Joyce v Rubin*, 249 Mich App 231; 642 NW2d 360 (2002), this Court recently applied the principles expressed in *Lugo* in a case similar to the instant case, i.e., one involving a slip and fall incident on a snowy and icy sidewalk. In *Joyce, supra* at 235-237, this Court initially addressed whether the open and obvious danger doctrine applies only to claims of failure to warn and not to claims of failure to maintain premises. The *Joyce* Court specifically held that the open and obvious doctrine "clearly applies to this case involving a common-law duty to maintain premises and, therefore, the trial court correctly concluded

that the doctrine applies here." *Id.* at 237. This conclusion also clearly applies to the present case.

The Court in *Joyce* next analyzed whether the ice and snow on the sidewalk was an open and obvious condition. *Id.* at 237-238.

> The test to determine if a danger is open and obvious is whether "an average user with ordinary intelligence [would] have been able to discover the danger and the risk presented upon casual inspection." *Novotney v Burger King Corp (On Remand)*, 198 Mich App 470, 475; 499 NW2d 379 (1993). Because the test is objective, this Court "look[s] not to whether plaintiff should have known that the [condition] was hazardous, but to whether a reasonable person in his position would foresee the danger." *Hughes v PMG Bldg, Inc*, 227 Mich App 1, 11; 574 NW2d 691 (1997). [*Joyce, supra* at 238-239.]

The Court determined that the plaintiff was "undoubtedly aware" of the snowy and icy condition of the sidewalk and the danger of slipping before she fell. *Id.* at 239-240. The Court concluded that the trial court had properly determined that the condition was open and obvious. *Id.* The analysis and conclusion in *Joyce* are applicable to instant plaintiff. Plaintiff is a reasonable person who recognized the snowy and icy condition of the steps and the danger the condition presented. Thus, we also conclude that the condition was open and obvious in the present case.

The *Joyce* Court next analyzed whether the slippery sidewalk nonetheless presented an unreasonably dangerous risk, even though the danger was open and obvious, such that the landowner had a duty to undertake reasonable precautions to protect the plaintiff. *Id.* at 240-243. The Court relied on our Supreme Court's opinion in *Lugo* for guidance. The

*Joyce* Court stated that if a danger is deemed open and obvious, then

> "the critical question is whether there is evidence that creates a genuine issue of material fact regarding whether there are truly 'special aspects' of the open and obvious condition that differentiate the risk from typical open and obvious risks so as to create an unreasonable risk of harm, i.e., whether the 'special aspect' of the condition should prevail in imposing liability upon the defendant or the openness and obviousness of the condition should prevail in barring liability." [*Id.* at 241, quoting *Lugo, supra* at 517-518.]

In *Joyce*, the plaintiff argued that the open and obvious condition of the snowy sidewalk was "effectively unavoidable." *Id.* Nonetheless, the *Joyce* Court, in applying *Lugo*, determined that although the plaintiff had indicated she had no choice but to use the slippery sidewalk to the front door, she had in fact presented no evidence that the "condition and surrounding circumstances would 'give rise to a uniquely high likelihood of harm' or that it was an unavoidable risk." *Id.* at 242. The *Joyce* Court concluded that there was no evidence to suggest that "the condition was so unreasonably dangerous that it would create a risk of death or severe injury." *Id.* at 243.

In applying *Lugo* and *Joyce* to the present case, we conclude that the slippery steps at issue here were not only an open and obvious condition but also there are no "special aspects" of the steps that create a "uniquely high likelihood of harm or severity of harm" if the risk is not avoided or serve to remove that condition from the open and obvious danger doctrine. Plaintiff here testified that although he saw the steps and their condition and knew that there was an alternate route into the building that was close by, he

nonetheless attempted to use them. Although the steps likely had "some potential for severe harm," *Lugo, supra* at 518, n 2, we have no doubt that these circumstances are not the type of special aspects that *Lugo* contemplated. In this case, the stairway on which plaintiff fell consisted of three steps and was elevated only a couple of feet. Falling several feet to the ground is not the same as falling an extended distance such as into a thirty-foot-deep pit. *Id.* at 518, 520. Falling thirty feet presents "such a *substantial risk of death or severe injury* . . . that it would be unreasonably dangerous to maintain the condition . . . ." *Id.* at 518 (emphasis added). "Unlike falling an extended distance, it cannot be expected that a typical person [falling a distance of several feet] would suffer severe injury" or a substantial risk of death. *Id.* at 518, 520.

Our conclusion that the open and obvious condition in this case did not constitute an unreasonable risk of harm is not changed by our Supreme Court's decision in *Quinlivan v Great Atlantic & Pacific Tea Co, Inc*, 395 Mich 244; 235 NW2d 732 (1975), a case involving a slip and fall on a snowy, hazardous area similar to the areas in *Joyce* and the instant case. In discussing an invitor's responsibility regarding snow and ice hazards that are visible to invitees, the *Quinlivan* Court stated:

> [W]e reject the prominently cited notion that ice and snow hazards are obvious to all and therefore may not give rise to liability. While the invitor is not an absolute insurer of the safety of the invitee, the invitor has a duty to exercise reasonable care to diminish the hazards of ice and snow accumulation. . . . As such duty pertains to ice and snow accumulations, it will require that reasonable measures be taken within a reasonable time after an accumula-

tion of ice and snow to diminish the hazard of injury to the invitee. [*Id.* at 261.]

Thus, even if the dangers of ice and snow on driveways, steps, and parking lots are open and obvious,

[c]ases finding that the risk of harm is unreasonable despite its obviousness or despite the invitee's awareness of the condition are rare and typically involve hazardous natural conditions such as accumulations of snow and ice or excessive mud. The risk to the invitee in such conditions has been held to be somehow more unavoidable than other conditions, thereby creating an exception to the open and obvious defense. [*Bertrand v Alan Ford, Inc*, 449 Mich 606, 625-626; 537 NW2d 185 (1995) (WEAVER, J., concurring in part and dissenting in part).]

Although the above statements pertain to Justice WEAVER's partial dissent in *Bertrand,* there is some suggestion that ice and snowy conditions may constitute an "exception" to the open and obvious danger doctrine. After analyzing both *Lugo* and *Joyce,* we conclude that these prior analyses in *Quinlivan* and *Bertrand* on the interplay between the open and obvious danger doctrine when it involves snow and ice and the newly refined definition of open and obvious in *Lugo* can only mean that the snow and ice analysis in *Quinlivan* is now subsumed in the newly articulated rule set forth in *Lugo.* Specifically, the analysis in *Quinlivan* will now be part of whether there are special aspects of the condition that make it unreasonably dangerous even if the condition is open and obvious. Again, in the instant case, and as in *Joyce,* although the condition was open and obvious, we cannot conclude that there were any special aspects of the icy and snowy steps that would render the condition effectively unavoidable and therefore unreason-

ably dangerous. The steps in the present case were not very high, and there was an alternate route readily available to plaintiff. Thus, because of our application of *Lugo* to the instant facts, we are constrained to conclude that our original opinion in this matter must be vacated and that the trial court's original grant of summary disposition in favor of defendant must be affirmed.

We need not address any remaining issues because this case has been fully resolved by our decision on the open and obvious danger issue.[1]

We affirm. Previous unpublished opinion vacated.

NEFF, J. I concur in the result only.

---

[1] With regard to the building code violation allegation in this case, we note that the absence of a handrail deals with proximate causation. Because a duty did not exist in this case because of the open and obvious condition and the lack of a special aspect, we need not reach this issue.