# STATE OF MICHIGAN

# COURT OF APPEALS

ESTATE OF ANNA KOETSIER, by TIMOTHY
AVERILL, Personal Representative,

UNPUBLISHED
August 2, 2018

Plaintiff-Appellant,

v

No. 339284
Kent Circuit Court
LC No. 16-004983-NO

IMMACULATE HEART OF MARY CATHOLIC
SCHOOL,

Defendant-Appellee.

Before: HOEKSTRA, P.J., and MURPHY and MARKEY, JJ.

PER CURIAM.

Plaintiff, Timothy Averill, as personal representative of the Estate of Anna Koetsier, appeals by right the trial court's grant of summary disposition to defendant, Immaculate Heart of Mary Catholic School (IHM), pursuant to MCR 2.116(C)(10). The trial court found that no genuine issue of material fact existed whether the ice that formed on IHM's asphalt driveway on which Koetsier slipped and fell was an open and obvious hazard. The undisputed facts also showed that the icy drive possessed no special aspects to render it an unavoidable hazard or uniquely dangerous. Consequently, the trial court granted defendant's motion for summary disposition. We affirm.

On January 14, 2016, 85-year-old Anna Koetsier slipped and fell on so-called black ice on an asphalt driveway on IHM's premises, while attempting to access IHM's gym to watch her grandson play basketball. When she fell, her head struck the pavement in such a way that she suffered significant injuries. She died the next morning as a result of those injuries. The only witnesses to Koetsier's slip and fall and to the condition of IHM's premises at the moment it happened were Koetsier's daughter-in-law, Michelle Averill, and Koetsier's grandson, Taylor Averill. Plaintiff filed this premises liability action against IHM. The primary issue before the trial court and on appeal is the applicability of the open and obvious danger doctrine. As noted, the trial court ruled that there was no genuine issue of material fact that the hazard presented by the black ice was open and obvious without any special aspects.

This Court reviews "a trial court's decision with regard to a motion for summary disposition de novo as a question of law." *Ardt v Titan Ins Co*, 233 Mich App 685, 688; 593

-1-

NW2d 215 (1999). "In making this determination, the Court reviews the entire record to determine whether defendant was entitled to summary disposition." *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a claim, *id*. at 120, and may be granted when, except with regard to the amount of damages, there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. In reviewing such a motion, a court considers the pleadings, affidavits, depositions, admissions, and documentary evidence in a light most favorable to the nonmoving party. *Id*. "A genuine issue of material fact exists when the record leaves open an issue on which reasonable minds could differ." *Bennett v Detroit Police Chief*, 274 Mich App 307, 317; 732 NW2d 164 (2006).

In this case, there is no dispute that Koetsier was an invitee, defined as a person who enters another's land on an invitation which carries with it an implied representation, assurance, or understanding that reasonable care has been used to prepare the premises and make it safe for the invitee's reception. *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596-597; 614 NW2d 88 (2000). Because Koetsier was an invitee, she entitled to the highest level of protection under premises liability law. *Id*. at 597.

Although "landowners must act in a reasonable manner to guard against harms that threaten the safety and security of those who enter their land," it is also true that "landowners are not insurers; that is, they are not charged with guaranteeing the safety of every person who comes onto their land." *Hoffner v Lanctoe*, 492 Mich 450, 459; 821 NW2d 88 (2012). Furthermore, a landowner has no duty to protect or warn an invitee of open and obvious conditions "because such dangers, by their nature, apprise an invitee of the potential hazard, which the invitee may then take reasonable measures to avoid." *Id*. at 460-461. "Whether a danger is open and obvious depends on whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Id*. at 461. This test is objective, with the proper inquiry being "whether a reasonable person in the plaintiff's position would have foreseen the danger, not whether the particular plaintiff knew or should have known that the condition was hazardous." *Slaughter v Blarney Castle Oil Co*, 281 Mich App 474, 479; 760 NW2d 287 (2008).

In *Slaughter*, this Court surveyed caselaw regarding the open and obvious doctrine and the phenomena known as black ice, which by its nature is difficult to observe absent other indicators of slippery conditions. *Id*. at 479-481. The situation involved in *Slaughter* was the presence of black ice without the presence of snow, a situation that had not resulted in a published decision with respect to the open and obvious doctrine. *Id*. at 477, 481. The Court held in the case before it that a question of fact remained whether the black ice was open and obvious because "there was no snow on the ground, and it had not snowed in a week," and the mere fact that it was wintertime and the pavement wet were insufficient to render the hazard open and obvious as a matter of law. *Id*. at 483-484. But the Court set forth a rule of general application to similar cases that black ice may be an open and obvious hazard when there is evidence it "would have been visible on casual inspection before the fall or . . . other indicia of a potentially hazardous condition" was present, such as "the circumstances and specific weather conditions present at the time of [the] plaintiff's fall . . . ." *Id*. at 483.

Our Supreme Court in *Janson v Sajewski Funeral Home, Inc*, 486 Mich 934; 782 NW2d 201 (2010), adopted the *Slaughter* rule. The Court reversed this Court because it failed apply the precedent of *Slaughter* that " 'black ice' conditions [are] open and obvious when there are 'indicia of a potentially hazardous condition,' including the 'specific weather conditions present at the time of the plaintiff's fall.' " *Id*., quoting *Slaughter*, 281 Mich App at 483. Further, the Court held that the black ice in *Janson* was open and obvious because

> the slip and fall occurred in winter, with temperatures at all times below freezing, snow present around the defendant's premises, mist and light freezing rain falling earlier in the day, and light snow falling during the period prior to the plaintiff's fall in the evening. These wintry conditions by their nature would have alerted an average user of ordinary intelligence to discover the danger upon casual inspection. [*Janson*, 486 Mich at 935.]

In this case, the parties focus on whether "other indicia of a potentially hazardous condition" existed at the time of Koetsier's fall. The trial court ruled that there was no genuine issue of material fact and that the black ice on which Koetsier slipped "was an open and obvious hazard . . . given the temperature and surrounding indicia of winter conditions." In reaching that conclusion, the trial court relied on (1) changes in temperature during the day, "including the warmer conditions during the day and cooler conditions that night" and (2) the fact that Koetsier "was warned about the existence of slush, snow, and possible slippery conditions."

The trial court noted, consistent with the undisputed facts of this case, that "weather conditions, which include melting snow and declining temperatures, would cause a reasonable person to anticipate the possibility of black ice." The trial court cited *Kaseta v Binkowski*, 480 Mich 939; 741 NW2d 15 (2007), and *Mitchell v Premium Props Investments Ltd Partnership*, 477 Mich 1060 (2007), each reversing this Court for the for the reasons stated in the dissenting opinion. The trial court also cited to the controlling legal precedent concerning black ice, *Janson*, 486 Mich at 934-935, quoting *Slaughter*, 281 Mich App at 483. The trial court did not err in applying this precedent to the undisputed facts of this case.

Evidence showed that on the day of the accident, the weather was above freezing but previously fallen snow that had been shoveled lay adjacent to the path Koetsier would take to the IHM gym was melting. Both Michelle and Taylor testified that there was slush present in the IHM parking lot when they arrived. Michelle testified she was aware it could be slippery because of the slush and the snowbanks. She noted the presence of slush and asked Taylor and Koetsier if they were okay. Taylor testified that his mom asked him to be careful because "there is slush on the ground or there's ice or something like that." It is not disputed that on the day of the incident, although it did not snow, rain, sleet during the day and temperatures were above freezing in the afternoon, the sun set about an hour before plaintiff's party arrived at IHM. Thereafter, temperatures quickly dropped to below freezing. Local weather data confirmed that by 4:53 p.m. the temperature was still above freezing, but that by 5:53 p.m., shortly before Koetsier arrived at IHM, the temperature was down to 30 degrees. We conclude that the trial court did not err by finding that the undisputed facts showed that the alleged black ice was open and obvious because there were " 'indicia of a potentially hazardous condition,' including the 'specific weather conditions present at the time of the plaintiff's fall.' " *Id*.

Although the black ice was open and obvious, a property possessor still has a duty to take reasonable precautions to protect invitees from even open and obvious dangers "if special aspects of a condition make even an open and obvious risk unreasonably dangerous." *Lugo v Ameritech Corp*, 464 Mich 512, 517; 629 NW2d 384 (2001). "Special aspects" exist in two circumstances: "when the danger is *unreasonably dangerous* or when the danger is *effectively unavoidable.*" *Hoffner*, 492 Mich at 463 (emphasis in original). These principles apply as equally to snowy or icy conditions as to any other condition of land. *Id*. at 463-464; *Corey v Davenport College of Business (On Remand)*, 251 Mich App 1, 4, 8-9; 649 NW2d 392 (2002). In this case, we conclude that the trial court did not err by finding from the undisputed facts that the black ice did not have any special aspect that made it unavoidable or uniquely dangerous.

With regard to special aspects in this case, plaintiff argues not that the hazard was unreasonably dangerous but only that it was effectively unavoidable. We disagree.

In discussing the special aspect of being unavoidable, our Supreme Court has opined that such a hazard "is characterized by an *inability to be avoided*, an *inescapable* result, or the *inevitability* of a given outcome." *Hoffner*, 492 Mich at 468 (emphasis in original). Thus, for this special aspect to apply, "a hazard must be unavoidable or inescapable *in effect* or *for all practical purposes*," *id*., and a person "for all practical purposes, must be *required* or *compelled* to confront a dangerous hazard." *Id*. at 469 (emphasis in original).

Applying the principles stated in *Hoffner*, we must, as the trial court did, conclude that the icy patch on which Koetsier slipped was not "effectively unavoidable." Although there was only one entrance to IHM's gym, the undisputed evidence established that there were several different walking routes that spectators and participants in the basketball games could take to traverse the distance from the parking lot to the gym door. Furthermore, even if there was only a single way to proceed toward the entrance to IHM's gymnasium, the ice on which Koetsier slipped would not qualify as an "effectively unavoidable" hazard because Koetsier could have chosen not to proceed further, when alerted to the possibility of slippery conditions by the existing conditions. Koetsier was not "*required* or *compelled* to confront [the] dangerous hazard." *Id*. Koetsier could have declined to attend the basketball game. Therefore, the icy hazard was not "effectively unavoidable."

We affirm. As the prevailing party, defendant may tax costs pursuant to MCR 7.219.

/s/ Joel P. Hoekstra
/s/ William B. Murphy
/s/ Jane E. Markey

-4-