# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

DAVID ARHEIT,

      Plaintiff-Appellee,

v

PHEASANT RUN COMPANY – PHASE I, doing
business as PHEASANT RUN APARTMENTS,

      Defendant-Appellant.

UNPUBLISHED
October 11, 2018

No.  335598
Washtenaw Circuit Court
LC No.  15-000700-NZ

Before:  CAVANAGH, P.J., and MARKEY and LETICA, JJ.

PER CURIAM.

Our Supreme Court has remanded this matter to this Court for consideration as on leave granted.[1]  In this slip and fall case, defendant appeals an order denying its motion for summary disposition of plaintiff's premises liability and statutory duty claims.  We reverse and remand for entry of an order granting defendant's motion.

On February 21, 2014, at about 12:30 p.m., plaintiff fell in defendant's apartment complex parking lot.  Plaintiff lived at the complex and was attempting to get to his vehicle when he fell.  He had walked out his front door to the sidewalk, and then walked along the sidewalk for about two to three parking spots before arriving at the driver's side of his vehicle.  Although plaintiff saw snow and ice in the parking lot near the curb, plaintiff stepped down from the sidewalk to the parking lot and immediately fell when his feet "shot out in front" of him.  He was injured so when he returned to his apartment, his wife called for an ambulance, which parked near plaintiff's vehicle.  The medical responders, plaintiff's wife, and plaintiff all were able to safely traverse the parking lot on their way to the ambulance.  When plaintiff and his wife returned from the hospital by taxi, they were again able to make it across the parking lot to their apartment without falling.

A few days before the fall, plaintiff had left his apartment to drive to defendant's main office and complain to the manager "because the parking lot was such a wreck" and "they weren't getting it done."  Although at that time there was snow and ice by the driver's side of

---

[1] *Arheit v Pheasant Run Co – Phase I*, 501 Mich 900 (2017).

plaintiff's car, plaintiff did not fall when getting in his vehicle to drive to the main office or while exiting his vehicle upon his return.

Plaintiff could not recall why he left his apartment on the day that he fell, but he surmised that it was most likely to run an errand. In general, plaintiff left his apartment at least twice a week and typically parked his car in the same area of the parking lot. Plaintiff believed that, at one time or another, he may have left his apartment intending to go somewhere but upon seeing the extent of snow and ice covering the parking lot he changed his mind and went back inside. While at times plaintiff had to shovel to get to his car, he only had to do so after a snowstorm and plaintiff would not have had to shovel on the day of the fall. At no point during the winter of 2013 to 2014 was plaintiff unable to enter or exit the parking lot, park his car in the lot, or enter or exit his car.

Plaintiff filed suit against defendant alleging a claim of negligence for failing to take proper care and maintenance of the parking lot because the entire parking lot was covered in ice and snow which was effectively unavoidable. In his second count, plaintiff alleged that defendant breached its statutory duty as a lessor of residential premises to maintain the common areas in a condition fit for the use intended by the parties as set forth in MCL 554.139(1)(a). Subsequently, defendant moved for summary disposition under MCR 2.116(C)(10), and the trial found questions of fact as to (1) whether the snow and ice in the parking lot, although open and obvious, was effectively unavoidable, and (2) whether defendant breached its statutory duty to maintain the parking lot in a condition fit for its intended use. This appeal followed.

We review de novo a trial court's decision on a motion for summary disposition. *Lakeview Commons v Empower Yourself, LLC*, 290 Mich App 503, 506; 802 NW2d 712 (2010). A motion brought under MCR 2.116(C)(10) tests the factual support of a claim and should be granted if, after consideration of the evidence submitted by the parties in the light most favorable to the nonmoving party, no genuine issue regarding any material fact exists. *Id*.

Defendant first argues that the open and obvious snow and ice in its parking lot was not effectively unavoidable. We agree.

The parties do not dispute plaintiff's status as an invitee. "[A] tenant is an invitee of the landlord." *Benton v Dart Props, Inc*, 270 Mich App 437, 440; 715 NW2d 335 (2006). Generally, "a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001). However, a premises owner has no duty to protect an invitee from an open and obvious danger unless there are special aspects of the condition that make it unreasonably dangerous. *Id*. at 517. There are two recognized "special aspects" of an open and obvious hazard that can give rise to liability: "when the danger is *unreasonably dangerous* or when the danger is *effectively unavoidable*." *Hoffner v Lanctoe*, 492 Mich 450, 463; 821 NW2d 88 (2012).

In this case, plaintiff claimed that the dangerous snow and ice condition in defendant's parking lot was effectively unavoidable. Our Supreme Court has explained what it means for a dangerous condition to be considered "effectively unavoidable" as follows:

Unavoidability is characterized by an *inability to be avoided*, an *inescapable* result, or the *inevitability* of a given outcome. . . . [A] hazard must be unavoidable or inescapable *in effect* or *for all practical purposes*. Accordingly, the standard for 'effective unavoidability' is that a person, for all practical purposes, must be *required* or *compelled* to confront a dangerous hazard. As a parallel conclusion, situations in which a person has a *choice* whether to confront a hazard cannot truly be unavoidable, or even effectively so. [*Id*. at 468-469 (footnote omitted).]

In *Lugo*, our Supreme Court provided an example of an effectively unavoidable hazard:

[A] commercial building with only one exit for the general public where the floor is covered with standing water. While the condition is open and obvious, a customer wishing to exit the store must leave the store through the water. In other words, the open and obvious condition is effectively unavoidable. [*Lugo*, 464 Mich at 518.]

Defendant argues that plaintiff was not required or compelled to confront the snow and ice condition in its parking lot. We agree. Consistent with our Supreme Court's explanations, this Court has rejected similar claims where a plaintiff chose to confront a hazard although there were other alternatives, including taking another route or simply choosing not to confront the hazard. See, e.g., *Bullard v Oakwood Annapolis Hosp*, 308 Mich App 403, 412-413; 864 NW2d 591 (2014); *Corey v Davenport College of Business (On Remand)*, 251 Mich App 1, 6-7; 649 NW2d 392 (2002); *Joyce v Rubin*, 249 Mich App 231, 242; 642 NW2d 360 (2002).

In this case, the ice and snow condition in the parking lot clearly presented the potential risk of slipping and falling and yet plaintiff proceeded to confront the potentially dangerous condition. Plaintiff testified that, a few days before he fell, he drove to defendant's main office to complain about the poor condition of the parking lot, and plaintiff also testified that he saw the snow and ice by the curb before he took a step down from the sidewalk. Thus, plaintiff was aware of the potential risk of slipping and falling on snow and ice in the parking lot on the day he fell. And plaintiff testified that he could not remember having any compelling reason to leave his apartment on that day; he was probably running an errand. Plaintiff could have chosen to stay home and to make the trip at another time, as he had occasionally done earlier that winter. While plaintiff argues that he would be effectively "trapped" in his apartment if he did not confront the danger, he was not similarly situated to the customer trapped in the store in the *Lugo* example of an effectively unavoidable condition; rather, plaintiff could have waited in his own home for the condition to abate. See *Lugo*, 464 Mich at 518. Therefore, plaintiff failed to establish that the snow and ice condition in defendant's parking lot was effectively unavoidable. Accordingly, defendant was entitled to summary disposition of plaintiff's premises liability claim.

Next, defendant contends that it did not breach its statutory duty to plaintiff to maintain the parking lot in a condition fit for its intended use under MCL 554.139(1)(a). We agree.

MCL 554.139(1)(a) provides that, in every residential lease, the lessor covenants that "the premises and all common areas are fit for the use intended by the parties." In *Allison v AEW*

*Capital Mgt, LLP*, 481 Mich 419, 438; 751 NW2d 8 (2008), our Supreme Court held that "parking lots in leased residential areas constitute 'common areas' under MCL 554.139(1)(a)[.]" The Court also set forth the obligations of a lessor under MCL 554.139(1)(a) with respect to the accumulation of snow and ice in the lessor's parking lot, stating that the lessor must "ensure that the entrance to, and the exit from, the lot is clear, that vehicles can access parking spaces, and that tenants have reasonable access to their parked vehicles." *Id*. at 429. In fulfilling these obligations, the lessor "would allow the lot to be used as the parties intended it to be used." *Id*.

In this case, plaintiff acknowledged that he was never prevented from exiting or entering the parking lot, that he could park his car in the lot, and that he was never prevented from accessing his vehicle, although he had to "dig out" a few times. However, "[m]ere inconvenience of access, or the need to remove snow and ice from parked cars, will not defeat the characterization of a lot as being fit for its intended purposes." *Id*. at 430. Although plaintiff described the lot as a "wreck" and the evidence indicated that there was snow and ice built up between vehicles parked near the sidewalk, plaintiff's testimony did not suggest that he lacked reasonable access to his car. And even if the maintenance of the parking lot was not perfect or even ideal for winter conditions, it was sufficient to satisfy the statutory requirement. See *id*. Therefore, there was no genuine issue of material fact that MCL 554.139(1)(a) was not violated and defendant was entitled to summary disposition of this claim.

Reversed and remanded for entry of an order granting summary disposition in favor of defendant. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Jane E. Markey
/s/ Anica Letica