*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KENYON FREDIC HEINTZ,

      Plaintiff-Appellant,

v

AUTO-LAB HOWELL, LLC,
also known as AUTO-LAB OF HOWELL,

      Defendant-Appellee.

UNPUBLISHED
December 29, 2020

No. 349831
Livingston Circuit Court
LC No. 18-029977-NO

Before: O'BRIEN, P.J., and M. J. KELLY and REDFORD, JJ.

PER CURIAM.

In this premises liability action, plaintiff, Kenyon Fredic Heintz, appeals as of right the trial court order granting summary disposition to defendant, Auto-Lab Howell, LLC, pursuant to MCR 2.116(C)(10). We affirm.

## I. FACTUAL BACKGROUND

On December 16, 2016, Heintz delivered brake shoes to defendant's auto repair shop. He drove to the rear of the shop and pulled up to one of the four service bays, exited his vehicle and took the brake shoes out of his back seat. He started walking toward the shop, but slipped on ice and fell, injuring his shoulder and leg. Plaintiff testified that he knew that the temperature fell below freezing and that it had snowed the night before. He saw a light dusting of snow on the ground, about less than an inch. The parking lot did not appear to have been plowed or salted. He did not see any ice before the fall because the area was covered in snow, but afterward he saw ice in the area where he fell.

Plaintiff brought this suit and defendant moved for summary disposition under MCR 2.116(C)(10) based on the open and obvious doctrine. The trial court granted defendant's motion and plaintiff now appeals.

## II. STANDARD OF REVIEW

"We review de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019) (citation omitted).

Summary disposition is appropriate under MCR 2.116(C)(10) when "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." A motion under MCR 2.116(C)(10) "tests the *factual sufficiency* of a claim." *El-Khalil*, 504 Mich at 160. When the record leaves open an issue upon which reasonable minds might differ, a genuine issue of material fact exists. *Johnson v Vanderkooi*, 502 Mich 751, 761; 918 NW2d 785 (2018). This Court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties in the light most favorable to the party opposing the motion when reviewing a motion under MCR 2.116(C)(10). *Id*. Reasonable inferences from the record evidence should be considered in addition to the record evidence. *Baker v Arbor Drugs, Inc*, 215 Mich App 198, 202; 544 NW2d 727, 730 (1996).

## III. ANALYSIS

Plaintiff argues that the trial court erred by ruling that the danger of the ice on defendant's parking lot was open and obvious, and that even if it were open obvious, special aspects existed precluding summary disposition because the ice was effectively unavoidable. We disagree.

A plaintiff must prove the elements of negligence to sustain a premises liability action: "(1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Mouzon v Achievable Visions*, 308 Mich App 415, 418; 864 NW2d 606 (2014) (quotation marks and citation omitted). Premises owners must "use reasonable care to protect invitees from unreasonable risks of harm posed by dangerous conditions on the owner's land." *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012). An owner is liable for a breach of this duty "when the premises possessor knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix the defect, guard against the defect, or warn the invitee of the defect." *Id*.

In Michigan, ordinary winter conditions place invitees on alert that slippery surfaces may exist, including ice under the snow, for which they must take precautions. Premises owners are not required to protect an invitee from open and obvious dangers because the nature of such dangers "apprise[s] an invitee of the potential hazard, which the invitee may then take reasonable measures to avoid." *Id*. at 460-461. A danger is open and obvious when "it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Id*. at 461. The inquiry of whether a danger is open and obvious depends on " 'the objective nature of the condition of the premises at issue.' " *Id*., quoting *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 523-524; 629 NW2d 384 (2001). This Court looks not to whether the plaintiff subjectively should have known that the condition was hazardous, but objectively whether a reasonable person in his position would foresee the danger. *Corey v Davenport College of Business (On Remand)*, 251 Mich App 1, 5; 649 NW2d 392 (2002).

Accumulations of snow or ice are open and obvious when "the individual circumstances, including the surrounding conditions, render a snow or ice condition open and obvious such that a reasonably prudent person would foresee the danger." *Hoffner*, 492 Mich at 464. In *Slaughter v Blarney Castle Oil Co*, 281 Mich App 474, 479; 760 NW2d 287 (2008), this Court explained:

> When applying the open and obvious danger doctrine to conditions involving the natural accumulation of ice and snow, our courts have progressively

imputed knowledge regarding the existence of a condition as should reasonably be gleaned from all of the senses as well as one's common knowledge of weather hazards that occur in Michigan during the winter months.

Black ice can be open and obvious if there is "evidence that the black ice in question would have been visible on casual inspection before the fall or with[] other indicia of a potentially hazardous condition." *Id*. at 483. Specific wintry conditions at the time of the plaintiff's fall may constitute sufficient indicia that a hazardous condition exists. See *Janson v Sajewski Funeral Home, Inc*, 486 Mich 934, 935; 782 NW2d 201 (2010) (explaining that when the plaintiff's fall occurred the wintry conditions should have alerted an average user of ordinary intelligence to discover the danger of the ice); *Estate of Trueblood v P&G Apartments, LLC*, 327 Mich App 275, 285, 287; 933 NW2d 732 (2019) (holding that ice was open and obvious because the presence of wintry weather conditions would have alerted a reasonably prudent person to the danger of slipping and falling where the weather conditions consisted of below freezing temperature and snow accumulation of more than three inches in the 24 hours before the plaintiff's fall on snow-covered ice on a sidewalk).

In this case, plaintiff's testimony establishes that he knew of the weather conditions on the day of his fall including the below freezing temperature and the accumulation of snow on the ground because it snowed the night before. He testified that he saw snow accumulated on the ground at defendant's business when he arrived on the area where he parked his car behind the building to make his parts delivery. The trial court correctly discerned that an average person of ordinary intelligence under the same conditions, having the general knowledge of the weather conditions on the day of plaintiff's fall and the specific knowledge of the actual conditions on site, would sufficiently enable the person to discover the danger and the risk presented by the condition upon casual inspection. Such condition is open and obvious, relieving defendant of the duty to protect plaintiff from the hazard, and the trial court, therefore, correctly granted defendant summary disposition.

Further, the record also does not support plaintiff's contention that special aspects made the hazard effectively unavoidable. The effectively unavoidable exception to the open and obvious doctrine is limited. *Hoffner*, 492 Mich at 468. "Unavoidability is characterized by an inability to be avoided, an inescapable result, or the inevitability of a given outcome." *Id*. A hazard is "effectively" unavoidable when it is "unavoidable or inescapable in effect or for all practical purposes." *Id*. A hazard that a person can choose to confront or not to confront is not effectively unavoidable. *Id*. at 469. Hazards are not effectively unavoidable when a plaintiff has access to another less hazardous route. *Estate of Trueblood*, 327 Mich App at 288.

The evidence in this case reflects that plaintiff had other available access points to defendant's building. The record indicates that those might have been equally hazardous because the parking lot had not been plowed or salted. Nevertheless, plaintiff could have avoided the hazardous condition by simply refusing to deliver the brake shoes until defendant plowed or salted it. "The mere fact that a plaintiff's employment might involve facing an open and obvious hazard does not make the open and obvious hazard effectively unavoidable." *Bullard v Oakwood Annapolis Hosp*, 308 Mich App 403, 412-413; 864 NW2d 591 (2014) (holding that the ice on an employee's route to a generator was avoidable when the plaintiff could have chosen to inspect the generator after conditions improved). Viewing the evidence in the light most favorable to plaintiff,

the record establishes that plaintiff failed and could not establish the existence of a genuine issue of material fact that the condition on defendant's premises was effectively unavoidable.

Affirmed.

/s/ Colleen A. O'Brien
/s/ James Robert Redford