*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

YVONNE WRIGHT-BURTON,

        Plaintiff-Appellee,

v

OLYMPIA DEVELOPMENT OF MICHIGAN, LLC,

        Defendant-Appellant.

UNPUBLISHED
December 22, 2022

No. 359032
Wayne Circuit Court
LC No. 20-007010-NO

_____

YVONNE WRIGHT-BURTON,

        Plaintiff-Appellee,

v

CITY OF DETROIT,

        Defendant,

and

OLYMPIA ENTERTAINMENT EVENTS
CENTER, LLC, ILITCH HOLDINGS, INC.,
LITTLE CAESARS ARENA, LLC, 313
PRESENTS, LLC, 313 DEVELOPMENT, LLC, and
DETROIT PISTONS BASKETBALL COMPANY,

        Defendants-Appellants.

No. 359033
Wayne Circuit Court
LC No. 20-005925-NI

_____

YVONNE WRIGHT-BURTON,

        Plaintiff-Appellee,

-1-

v                                              No.  359034
                                               Wayne Circuit Court
CITY OF DETROIT,                               LC No.  20-005925-NI

              Defendant-Appellant,

and

OLYMPIA ENTERTAINMENT EVENTS
CENTER, LLC, ILITCH HOLDINGS, INC.,
LITTLE CAESARS ARENA, LLC, 313
PRESENTS, LLC, 313 DEVELOPMENT, LLC, and
DETROIT PISTONS BASKETBALL COMPANY,

              Defendants.

_____

Before:  JANSEN, P.J., and SERVITTO and GADOLA, JJ.

PER CURIAM.

In Docket No. 359032, defendant, Olympia Development of Michigan, LLC (Olympia Development), appeals by leave granted[1] an October 5, 2021 order, denying summary disposition on plaintiff's premises liability claim.  In Docket No. 359033, defendants, Olympia Entertainment Events Center, LLC (Olympia Entertainment); Ilitch Holdings, Inc. (Ilitch); Little Caesars Arena, LLC (Little Caesars Arena); 313 Presents, LLC (313 Presents); 313 Development, LLC (313 Development); and Detroit Pistons Basketball Company (Detroit Pistons), appeal by leave granted[2] the same October 5, 2021 order.  In Docket No. 359034, defendant, City of Detroit (the City), appeals as of right the same October 5, 2021 order on governmental immunity grounds.  We reverse the trial court's October 5, 2021 order as it relates to Olympia Entertainment, Ilitch, and Little Caesars in Docket No. 359033.  We dismiss the City's appeal in Docket No. 359034, and decline to address Olympia Development's, 313 Presents', 313 Development's, and Detroit Piston's unpreserved arguments in Docket Nos. 359032 and 359033.


I.  BACKGROUND

On October 25, 2017, plaintiff and her friend, Wendy Newberry, went to a Detroit Piston's game at Little Caesars Arena.  After the basketball game ended, at about 9:30 p.m. or 10:00 p.m.,

_____

[1] *Wright-Burton v City of Detroit*, unpublished order of the Court of Appeals, entered December 27, 2021 (Docket No. 359032).

[2] *Wright-Burton v City of Detroit*, unpublished order of the Court of Appeals, entered December 27, 2021 (Docket No. 359033).

plaintiff and Newberry exited the arena. Plaintiff acknowledged "everybody kind of swarm[ed] out of the door. . . ." Plaintiff and Newberry began to walk to Newberry's vehicle, which was parked nearby. Plaintiff fell as she stepped down from the sidewalk and onto the street. After plaintiff fell, she noticed a curb. Plaintiff allegedly suffered an injury to her patella, which required surgery.

In May 2020, plaintiff filed suit against: (1) the City, (2) Olympia Entertainment, (3) Ilitch, (4) Little Caesars Arena, (5) 313 Presents, (6) 313 Development, and (7) Detroit Pistons. The matter was assigned case number 20-005925-NI. In June 3, 2020, plaintiff filed suit against Olympia Development, and the matter was assigned case number 20-007010-NO. The cases were later consolidated and discovery commenced.

After the close of discovery, the City moved for summary disposition, arguing (1) plaintiff failed to comply with the statutory notice requirements of MCL 691.1404 before bringing suit under the highway exception to governmental immunity, MCL 691.1402(1); (2) plaintiff's claim was time-barred under MCL 691.1411(2); (3) plaintiff was speculating as to the cause of her fall; and (4) plaintiff could not establish the existence of a defect in the curb or sidewalk. Plaintiff opposed the motion, arguing the governmental tort liability act (GTLA), MCL 691.1401 *et seq*., did not apply because the City was engaged in a joint venture with "the private entities" and that genuine issues of material fact existed as to the cause of plaintiff's fall. Thereafter, Olympia Entertainment, Ilitch, and Little Caesars Arena moved for summary disposition under MCR 2.116(C)(10), arguing the curb was open and obvious even in the dark and crowded conditions. Olympia Entertainment, Ilitch, and Little Caesars Arena also argued plaintiff was speculating the curb caused her to fall, which was insufficient to establish causation. Plaintiff opposed the motion, arguing the existence of genuine issues of material fact.

The trial court did not hold oral argument on the motions. On October 5, 2021, the trial court entered an order, which stated, in relevant part:

> IT IS HEREBY ORDERED that Defendant's [sic] Motion for Summary Disposition is DENIED. A genuine issue of material fact exists as to whether the curb was the cause of Plaintiff's fall and there is a genuine issue of material fact as to whether, under the conditions that were present at the time of the fall, the unmarked curb was open and obvious and whether the dark, crowded conditions established a special aspect making even an open and obvious risk unreasonably dangerous.

The appeals in Docket Nos. 359032, 359033, and 359034 followed. After granting leave in Docket Nos. 359032 and 359033, this Court consolidated the appeals. *Wright-Burton v City of Detroit*, unpublished order of the Court of Appeals, entered December 27, 2021 (Docket No. 359032); *Wright-Burton v City of Detroit*, unpublished order of the Court of Appeals, entered December 27, 2021 (Docket No. 359033).

## II. THE TRIAL COURT'S DENIAL OF SUMMARY DISPOSITION IN FAVOR OF OLYMPIA ENTERTAINMENT, ILITCH, AND LITTLE CAESARS ARENA

A trial court's decision regarding a motion for summary disposition is reviewed de novo. *Glasker-Davis v Auvenshine*, 333 Mich App 222, 229; 964 NW2d 809 (2020).

> A motion under MCR 2.116(C)(10) . . . tests the *factual sufficiency* of a claim. When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion. A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact. A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ. [*El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019) (quotation marks and citations omitted).]

"In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 693; 822 NW2d 254 (2012) (quotation marks and citation omitted).

> [A] possessor of land owes a duty to exercise reasonable care to protect invitees from dangerous conditions on the land. But this duty does not extend to dangerous conditions that are open and obvious. Put differently, where the dangers are known to the invitee or are so obvious that the invitee might reasonably be expected to discover them, an invitor owes no duty to protect or warn the invitee. . . . When the evidence creates a question of fact regarding this issue, the issue is for the fact-finder to decide. [*Estate of Livings v Sage's Investment Group, LLC*, 507 Mich 328, 337; 968 NW2d 397 (2021) (quotation marks and citations omitted; alteration in original).]

"Whether a danger is open and obvious depends on whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection. *Hoffner v Lanctoe*, 492 Mich 450, 461; 821 NW2d 88 (2012). This is an *objective standard*, which calls "for an examination of the objective nature of the condition of the premises at issue." *Id.* (quotation marks and citation omitted).

"[I]f special aspects of a condition make even an open and obvious risk unreasonably dangerous, the premises possessor has a duty to undertake reasonable precautions to protect invitees from that risk." *Estate of Livings*, 507 Mich at 338 (quotation marks and citation omitted). There are "two instances in which the special aspects of an open and obvious hazard could give rise to liability: when the danger is *unreasonably dangerous* or when the danger is *effectively unavoidable*." *Id.* (quotation marks and citation omitted).

We conclude curbs, like steps, are generally discoverable on casual inspection. As our Supreme Court explained in *Bertrand v Alan Ford, Inc*, 449 Mich 606, 616-617; 537 NW2d 185 (1995):

> [B]ecause steps are the type of everyday occurrence that people encounter, under most circumstances, a reasonably prudent person will look where he [or she] is

going, will observe the steps, and will take appropriate care for his [or her] own safety. Under ordinary circumstances, the overriding public policy of encouraging people to take reasonable care for their own safety precludes imposing a duty on the possessor of land to make ordinary steps "foolproof." Therefore, the risk of harm is not unreasonable.

Additionally, "steps and differing floor levels, such as . . . uneven pavement . . . , are not ordinarily actionable *unless* unique circumstances surrounding the area in issue made the situation unreasonably dangerous." *Weakley v Dearborn Hts*, 240 Mich App 382, 385; 612 NW2d 428 (2000), remanded for recon on other grounds 463 Mich 980 (2001) (quotation marks and citation omitted). A condition is unreasonably dangerous if it gives rise to a uniquely high likelihood of harm or severity of harm if the risk is not avoided. *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 519; 629 NW2d 384 (2001). "[T]ypical open and obvious dangers . . . do not give rise to these special aspects." *Id*. at 520. However, the "character, location, or surrounding conditions" of steps could create an unreasonable risk of harm. *Bertrand*, 449 Mich at 617 (quotation marks and citation omitted).

In this case, plaintiff argues the poor lighting and crowd of people made the curb unreasonably dangerous and created a genuine issue of material fact. Although testimony supports it was dark outside, evidence nonetheless supports there was lighting on the street. Furthermore, the lighting outside of Little Caesars Arena was readily apparent. Plaintiff also implicitly acknowledged the curb would have been visible to her, or to any other average person with ordinary intelligence, upon casual inspection by looking down toward the pavement before walking forward. Plaintiff acknowledged she was looking straight ahead before she fell and not at the ground as she was walking. Plaintiff testified she was able to see the curb after she fell. While plaintiff argues that people were crowded on the sidewalk, making it more difficult to see the curb, evidence also supports that people were walking in front of plaintiff before she fell. Because people were walking in front of plaintiff, it reasonably follows they would have been required to step down when they reached the curb or would have fallen or stumbled if the curb was not visible. Witnessing this would have alerted a reasonably prudent person of the curb and to use caution while approaching it.

Moreover, a reasonable person in plaintiff's position would have anticipated a curb. Plaintiff testified she passed the curb on her way into the arena several hours before her alleged injury occurred. A reasonable person can expect to encounter a curb, particularly in an urban area near Woodward Avenue. While plaintiff repeatedly argues the curb was unmarked, "the analysis whether a danger is open and obvious does not revolve around whether steps could have been taken to make the danger more open or more obvious." *Novotney v Burger King Corp*, 198 Mich App 470, 474; 499 NW2d 379 (1993). Rather, the question is whether the danger, as presented, would have been discovered by an ordinary person upon casual inspection. *Id*. at 474-475. "Perfection is neither practicable nor required by the law, and [u]nder ordinary circumstances, the overriding public policy of encouraging people to take reasonable care for their own safety precludes imposing a duty on the possessor of land to make ordinary [conditions] foolproof." *Hoffner*, 492 Mich at 460 (quotation marks, citation, and alterations in original).

The curb and the conditions surrounding it were not unusual and would be anticipated by a reasonable person. Thus, the curb was open and obvious. And, contrary to plaintiff's assertion,

the lighting and the crowd did not render the curb unreasonably dangerous. While plaintiff allegedly suffered an injury to her patella that required surgery, "it cannot be expected that a typical person [falling a distance of several feet] would suffer severe injury or a substantial risk of death." *Corey v Davenport College of Business*, 251 Mich App 1, 7; 649 NW2d 392 (2002) (quotation marks and citation omitted; alteration in original). Indeed, "[f]alling several feet to the ground is not the same as falling an extended distance such as into a thirty-foot-deep pit." *Id*. The undisputed evidence establishes no unreasonably dangerous conditions existed to remove the curb from the open-and-obvious doctrine.

Plaintiff also argues the curb's dangerous conditions were effectively unavoidable. "[T]he standard for 'effective unavoidability' is that a person, for all practical purposes, must be *required* or *compelled* to confront a dangerous hazard." *Hoffner*, 492 Mich at 469. In contrast, "situations in which a person has a *choice* whether to confront a hazard cannot truly be unavoidable, or even effectively so." *Id*. To support the curb was effectively unavoidable, plaintiff cites our Supreme Court's recent opinion in *Estate of Livings*, 507 Mich at 333-334, which involved an employee's decision to enter her workplace despite the parking lot being "covered with packed snow and ice. . . ." The plaintiff "took a few steps, and fell" after exiting her motor vehicle. *Id*. at 334. The plaintiff injured herself and filed suit. *Id*. The Court in *Estate of Livings* held that, under some conditions, "an open and obvious hazard can become effectively unavoidable if [an] employee confronted it to enter his or her workplace for work purposes." *Id*. at 345. The Court stressed the "overall analysis centers on whether a reasonable premises possessor in the defendant's circumstances could reasonably foresee that the employee would confront the hazard despite its obviousness." *Id*. at 346.

Plaintiff argues, like the employee in *Estate of Livings*, she was forced to encounter the curb because she had to leave Little Caesars Arena to go home. However, the facts in *Estate of Livings* are distinguishable from the facts in this case because *Estate of Livings* involved an employee falling as she attempted to cross a snow- and ice-covered parking lot to get to her job. *Estate of Livings*, 507 Mich at 332-333. In *Estate of Livings*, our Supreme Court held that "an open and obvious condition can be deemed effectively unavoidable when a plaintiff must confront it to enter his or her place of employment for work purposes." *Id*. at 333. The *Estate of Livings* Court explained when deciding whether a hazard is effectively unavoidable, "courts addressing this issue should consider whether a reasonable person in the plaintiff's circumstances would have used any available alternatives to avoid the hazard." *Id*. at 349. In *Estate of Livings*, the Court concluded that the defendant's suggestion the plaintiff "could have left and returned when the condition had resolved or simply waited in her car until that time," was "tantamount to skipping work" and were "not reasonable alternatives." *Id*. at 348.

In this case, plaintiff voluntarily attended the basketball game for nonpecuniary purposes and left Little Caesars Arena after the basketball game ended in a "throng" of people. Plaintiff complains she was unable to see the curb because of the crowd and had to encounter the curb to return home. However, this is not the same as the effective unavoidability discussed in *Estate of Livings*. Even setting aside the fact that plaintiff was at Little Caesars Arena for recreational purposes, there is no evidence to support plaintiff was forced to leave Little Caesars Arena by staff members or because she had to arrive home at a specific time. Rather, plaintiff chose to do so. Plaintiff could have waited until the crowd dispersed to leave Little Caesars Arena. While plaintiff

also complained it was dark, plaintiff's testimony supports she was able to see the people in front of her, which supports there was some ambient lighting.

Moreover, if plaintiff had been paying attention, she would have been able to avoid the danger by stepping down from the curb. Plaintiff had reasonable alternative options available, and plaintiff's situation is not comparable to that encountered by the plaintiff in *Estate of Livings*. The undisputed evidence establishes the curb was not effectively unavoidable for all practical purposes. See *id*. In sum, even when viewing the evidence in a light most favorable to plaintiff, the trial court erred by denying Olympia Entertainment's, Ilitch's, and Little Caesars Arena's motion for summary disposition.

## III. OLYMPIA DEVELOPMENT, 313 DEVELOPMENT, 313 PRESENTS, AND DETROIT PISTONS' ARGUMENTS ON APPEAL

Olympia Development, 313 Development, 313 Presents, and Detroit Pistons argue the trial court erred by failing to grant summary disposition in their favor because the curb was open and obvious and did not have special aspects. However, Olympia Development, 313 Development, 313 Presents, and Detroit Pistons never moved the trial court for summary disposition. Indeed, 313 Development was dismissed as a defendant 16 months before the trial court entered the October 5, 2021 order. Therefore, Olympia Development's, 313 Development's, 313 Presents', and Detroit Pistons' arguments are unpreserved, *Glasker-Davis*, 333 Mich App at 227, and we decline to consider them, *In re Conservatorship of Murray*, 336 Mich App 234, 240; 970 NW2d 372 (2021) (noting issues raised for the first time on appeal in a civil case are not ordinarily subject to review). Given the facts of this case, we decline to overlook the preservation requirements. See *id*. at 240-241.

## IV. THE CITY'S ARGUMENTS ON APPEAL

The City argues the trial court erred by failing to grant summary disposition in its favor because the undisputed evidence establishes plaintiff failed to comply with MCL 691.1404's notice requirements and plaintiff's claim is time-barred under MCL 691.1411(2). However, we find it necessary to first address a jurisdictional issue. Although this Court's jurisdiction has not been challenged by the parties on appeal, "[a] court is, at all times, required to question sua sponte its own jurisdiction." *Tyrrell v Univ of Mich*, 335 Mich App 254, 260; 966 NW2d 219 (2020). Jurisdictional issues are reviewed de novo. *Chen v Wayne State Univ*, 284 Mich App 172, 191; 771 NW2d 820 (2009).

MCR 7.203(A)(2) states this Court "has jurisdiction of an appeal of right *filed by an aggrieved party* from" "[a] judgment or order of a court or tribunal from which appeal of right to the Court of Appeals has been established by law or court rule." (Emphasis added.) "An appeal can only be taken by parties who are affected by the judgment appealed from." *1373 Moulin, LLC v Wolf*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 360569); slip op at 3 (quotation marks and citation omitted).

An aggrieved party is not one who is merely disappointed over a certain result. Rather, . . . a litigant must have suffered a concrete and particularized injury. . . . [A] litigant on appeal must demonstrate an injury arising from . . . the actions of

the trial court . . . rather than an injury arising from the underlying facts of the case. [*Id*. at ___; slip op at 3 (quotation marks and citations omitted; alterations in original).]

In this case, the October 5, 2021 order states the trial court determined genuine issues of material fact existed as to whether the curb was open and obvious, the curb was unreasonably dangerous, and the curb caused plaintiff's fall and alleged injuries. The court also indicated that the order was not a final order. However, the trial court did not address the City's argument that summary disposition was proper on governmental immunity grounds. Indeed, the City acknowledges on appeal "[t]he order did not specifically address the City's motion. . . ."[3] Because the October 5, 2021 order did not injure the City, i.e., did not deny the City's motion for summary disposition, the City is not an aggrieved party. This Court therefore lacks jurisdiction, and we must dismiss the appeal in Docket No. 359034. See *In re Farris/White*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 357743); slip op at 2-5 (dismissing an appeal as of right after concluding the respondent was not an aggrieved party under MCR 7.203(A)(2)). See also *Bowie v Arder*, 441 Mich 23, 56; 490 NW2d 568 (1992) ("When a court lacks subject matter jurisdiction to hear and determine a claim, any action it takes, other than to dismiss the action, is void.").

## V. CONCLUSION

We reverse the trial court's October 5, 2021 order as it relates to Olympia Entertainment, Ilitch, and Little Caesars in Docket No. 359033. We dismiss the City's appeal in Docket No. 359034, and decline to address Olympia Development's, 313 Presents', 313 Development's, and Detroit Piston's unpreserved arguments in Docket Nos. 359032 and 359033.

/s/ Kathleen Jansen
/s/ Deborah A. Servitto
/s/ Michael F. Gadola

---

[3] While a member of the trial court's staff stated the October 5, 2021 order "applie[d] to all" motions for summary disposition, including the City's motion, this is inconsequential because courts speak through their written orders. See *In re Contempt of Henry*, 282 Mich App 656, 678; 765 NW2d 44 (2009) (noting "a court speaks through its written orders and judgments").